OPINION
{¶ 1} Michael L. Coffee appeals from a judgment of the Montgomery County Court of Common Pleas, which sentenced him to a prison term of eleven months after he failed to complete intervention in lieu of conviction ("ILC") for possession of cocaine.
 {¶ 2} The facts are essentially undisputed. In 1999, Coffee was charge with possession of cocaine, a felony of the fifth degree. At Coffee's request, the trial court granted intervention in lieu of conviction, accepted his plea of guilty in accordance with R.C.2951.041(C), and placed him under the control and supervision of the Montgomery County Probation Department. One year later, the probation department informed the court that Coffee had failed to comply with the conditions of the intervention plan. After a hearing, the trial court found that Coffee had indeed failed to abide by the terms of his intervention, a fact which Coffee did not dispute. The trial court then sentenced Coffee to eleven months in prison.
 {¶ 3} Coffee raises one assignment of error on appeal.
 {¶ 4} "THE TRIAL COURT COMMITTED ABUSE OF DISCRETION WHEN IT DEVIATED FROM THE STATUTORY GUIDELINES IN SENTENCING THE DEFENDANT TO ELEVEN MONTHS."
 {¶ 5} The minimum sentence for the offense of which Coffee was convicted is six months. Coffee claims that the facts of the case could not have supported both the trial court's determination that he was eligible for intervention in lieu of conviction and its determination that he deserved more than the minimum sentence.
 {¶ 6} R.C. 2929.12(D)(4) provides:
 {¶ 7} "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 {¶ 8} "* * *
 {¶ 9} "The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse."
 {¶ 10} Drug abuse was related to the offense because Coffee was convicted of possession of cocaine and, in granting ILC, the trial court had necessarily found that Coffee's "drug or alcohol usage was a factor leading to" the charge of possession of cocaine. See R.C. 2951.041(B)(6). Coffee was also under the influence of alcohol and marijuana at the time of his arrest and, during the presentence investigation, related a history of drug abuse over the preceding five years. Among the terms of the intervention with which Coffee failed to comply were completion of the Drug Court Program and attendance at Crisis Care. The trial court reasoned that, without treatment for his drug problem, the minimum sentence would fail to adequately protect the public from Coffee. The court further concluded that, if Coffee was unable to abide by the terms of intervention, he would also be unable to abide by the law. Moreover, Coffee apparently expressed to the court a preference for prison over completion of the drug treatment programs. From all of these factors, the trial court reasonably concluded that Coffee was likely to commit future crimes and imposed a sentence greater than the minimum sentence allowed by statute. The trial court did not abuse its discretion in doing so.
 {¶ 11} The assignment of error is overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
FAIN, J. and GRADY, J., concur.